Honorable Jay Bradford State Senator P. O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This letter is written in response to your letter of April 4, 1986. You had previously requested an opinion on service of process fees. Opinion No. 86-60 was in response to that request. You have requested clarification with regard to that Opinion. The initial request concerned what fee a party could charge for serving a summons by certified mail. As previously stated under Rule 4 of the Arkansas Rules of Civil Procedure a party or the party's attorney of record could serve a summons by certified mail. The opinion stated that the attorney could charge a fee that was analogous to service by telephone. Your request for clarification is whether Ark. Stat. Ann. 12-1735 states that:
In all cases where any officer or other person is required to perform any duty for which no fees are allowed by any law, he shall be entitled to receive such pay as would be allowed for similar services.
Since there is no direct fee for a lawyer to charge his client for serving by certified mail, I was forced to look for something that was analogous.
Ark. Stat. Ann. 12-1723 provides that a sheriff or other officer may serve a summons by mail and provides a method of determining the fee. You correctly stated that 12-1722 has repealed this statute with regard to the serving of summons by a sheriff. However, it is not clear that this statute is totally repealed. The statute states that the sheriff or "other officer"may serve by telephone. The phrase "other officer" could apply to a lawyer, since he is an officer of the court. This seems persuasive in this case because the only person that would be serving by mail, other than the client, would be client's attorney of record. I stand by my previous opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Randel K. Miller.